

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDGAR SEARCY,

    Petitioner,

v.                                                     Civil Action No. 3:08CV50

PATRICIA STANSBERRY,

    Respondent.

## MEMORANDUM OPINION

Edgar Searcy, a federal prisoner proceeding pro se, was convicted of using interstate commerce to engage in sexual activity with a minor in violation of 28 U.S.C. § 2422(b). Searcy is currently serving a fifteen-year term of imprisonment imposed by the United States District Court for the Southern District of Florida (hereinafter "the Sentencing Court"). On February 15, 2008, Searcy filed an amended petition for habeas corpus under 28 U.S.C. § 2241. On April 29, 2008, Respondent filed a motion to dismiss. In a Memorandum Order entered on October 28, 2008, the Court held that the motion to dismiss would be treated as a motion for summary judgment. Searcy has responded.[1]

Searcy makes the following claims:

Claim 1:     Searcy is entitled to immediate relief because the Sentencing Court lacked jurisdiction due to the indictment's failure to allege an essential element of the offense.

---

[1] Searcy's responsive pleadings are captioned as motions for summary judgment. Because the Court finds the arguments contained therein to be without merit, Searcy's motions for summary judgment (Docket Nos. 13, 23) will be DENIED.

Claim 2:   The Bureau of Prisons ("BOP") illegally denied Searcy's request to be housed in a Community Corrections Facility ("halfway house") on the grounds that he has more than six months of his sentence remaining.

**CLAIM ONE**

Respondent contends that Claim 1 must proceed under 28 U.S.C. § 2255. A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). Searcy argues in response that he does not challenge his conviction; however, he clearly claims that he is entitled to immediate release on the grounds that the Sentencing Court's judgment was invalid due to a jurisdictional defect. See 28 U.S.C. § 2255(a) (requiring federal prisoners "claiming the right to be released upon the ground that . . . the [sentencing] court was without jurisdiction to impose such sentence" to move the sentencing court for relief). Searcy's current action must therefore proceed under 28 U.S.C. § 2255 unless he demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. See Swain v. Pressley, 430 U.S. 372, 381 (1977); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The United States Court of Appeals for the Fourth Circuit has explained that:

2

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

As noted by Respondent, Searcy fails to show that the substantive law of the Eleventh Circuit has changed in such a way as to render his conduct legal.[2] Searcy has therefore failed to show that § 2255 is inadequate or ineffective to test the legality of his detention. Accordingly, Claim 1 will be DISMISSED WITHOUT PREJUDICE.

**CLAIM TWO**

Searcy claims that the BOP cannot deny his request for a transfer to a halfway house on the grounds that more than six months of his sentence remain. Respondent argues that this claim has not been exhausted. "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." McClung

---

[2] Contrary to Searcy's argument, the "substantial step" requirement discussed in United States v. Gladish, 536 F.3d 646, 649 (7th Cir. 2008) does not represent a change in the law as it stood at the time of Searcy's offense. See United States v. Root, 296 F.3d 1222, 1228-29 (11th Cir. 2002); United States v. Searcy, 299 F. Supp. 2d 1285, 1287 (S.D. Fla. 2003), aff'd, 418 F.3d 1193 (11th Cir. 2005).

3

v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (No. 03-6952) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)).[3] Searcy has not pursued any administrative remedies with respect to his demand to serve his sentence in a CCC. Therefore, Searcy has failed to exhaust his administrative remedies.

Searcy contends that exhaustion of administrative remedies should be excused on grounds of futility. See Howard v. Ashcroft, 248 F. Supp. 2d 518, 534 (M.D. La. 2003). Specifically, Searcy contends that based on its interpretation of 18 U.S.C. § 3621(b) and § 3624(c), the BOP has an unequivocal policy of not housing an inmate in a halfway house or a CCC until the inmate is serving the last six months of his sentence. See Miller v. Whitehead, 527 F.3d 752, 754-56 (8th Cir. 2008) (discussing the history of litigation

---

[3] The BOP provides the following administrative process: First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the regional director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.
McDaniel v. Driver, No. 5:07CV133, 2008 WL 4279463, at *3 (N.D. W. Va. Sept. 17, 2008).

4

surrounding the relevant statutes). Although 18 U.S.C. § 3621(c) gives the Director of the BOP the discretion to house an inmate in any of its facilities, the BOP once interpreted 18 U.S.C. § 3642(c) to limit its authority to transfer an inmate to a CCC until the last ten percent of his sentence.[4] Id. Searcy's argument, however, ignores the enactment of the Second Chance Act of 2007, which amended § 3624(c). Pub. L. No. 110-199, 122 Stat. 657 (2008). The amended version of § 3624(c) specifically provides that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621" to designate any available correctional or penal facility as the place of a prisoner's confinement. 18 U.S.C. § 3624(c)(4).

Searcy has not shown that the BOP's policy concerning CCC placement has continued after the passage of the Second Chance Act. Searcy, therefore, fails to demonstrate that it would be futile for him to pursue his available administrative remedies for his claim that he was not considered for placement in a CCC. See Alexander

---

[4] The prior version of 18 U.S.C. § 3642(c) provided that:
The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.
18 U.S.C. § 3624(c) (2000) (amended 2008).

5

v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998) (discussing benefits from requiring an inmate to exhaust his administrative remedies); Smith v. Driver, No. 3:07cv156, 2008 WL 2077921, at *2 (N.D. W. Va. May 15, 2008) (concluding that habeas petition challenging denial of CCC placement should be dismissed for lack of exhaustion). Claim 2 will be DISMISSED WITHOUT PREJUDICE. Respondent's motion for summary judgment (Docket No. 9) will be GRANTED.[5] The action will be DISMISSED WITHOUT PREJUDICE.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Searcy and Counsel for Respondent.

It is so ORDERED.

                                               /s/       REP
                                 Robert E. Payne
                                 Senior United States District Judge

Date: February 18, 2009
Richmond, Virginia

---

[5] As no amount of evidence adduced in support of Searcy's claims would alter the Court's conclusion, Searcy's motions for hearing (Docket Nos. 17, 24) will be DENIED.